UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY PAGANELLI, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:19 CV 60 |
| | ) |
| RICHARD LOVELACE, | ) |
| | ) |
| Defendant/Counter-Claimant. | ) |

## OPINION and ORDER

This matter is before the court on Anthony Paganelli's motion to remand. (DE # 14.) For the reasons set forth below, the motion is denied.

Plaintiff and counter-defendant Anthony Paganelli originally filed this breach of contract action in the Lake County Superior Court on December 4, 2017. (DE # 2.) On January 14, 2019, the Lake County Superior Court dismissed the non-diverse defendant from this case (DE # 7), and on February 13, 2019, defendant and counter-claimant Richard Lovelace removed this case to this court based on diversity jurisdiction. (DE # 1.)

On April 24, 2019, Paganelli filed his motion to remand this case to state court. (DE # 14.) Paganelli argues that removal was improper based on the contract's forum selection clause, which states that any proceeding arising from the contract must be brought in a state or federal court sitting in Hammond, Indiana, and that the parties "must not remove or attempt to remove the proceedings to any other court." (DE # 14-1 at 18.) Lovelace opposes the motion on the basis that: (1) the motion is untimely; and (2)

removal did not violate the forum selection clause because it did not remove the case to a court outside of Hammond, Indiana. (DE # 15.) This court need not delve into contract interpretation because Paganelli's motion is untimely.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Any challenge to a procedural defect in removal is waived if it is not raised within 30 days of removal. *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010). *See also Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("[B]ecause 30 days passed without protest—and the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay."); *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) ("Procedural issues [regarding removal] must be resolved quickly or not at all, and once the 30 days have passed the parties may conduct the litigation without risk of a sudden change of forum (unless it turns out that the federal court lacks jurisdiction).").

A forum selection clause falls into the category of defects that may be waived if not timely raised. *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007) ("Enforcement of a forum selection clause . . . is not jurisdictional; it is a waivable defense[.]"). By failing to file a timely motion to remand, Paganelli did just that.

Accordingly, plaintiff Anthony Paganelli's motion to remand (DE # 14) is **DENIED**.

**SO ORDERED.**

Date: June 11, 2019

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT